**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | |
|---|---|
| FELIPE BARRIENTOS JR., FELIPE BARRIENTOS SR., JOSE CASTORENA JR., JOSE CASTORENA III, VICTOR CASTORENA, SYLVIA JIMENEZ, GRISELDA JIMENEZ, MARIA JIMENEZ, A.J., a minor by his next friend Sylvia Jimenez, N.J., a minor by her next friend Sylvia Jimenez, A.J.J., a minor by his next friend Sylvia Jimenez, CORAL LONGORIA, JUAN GUTIERREZ, O.L., a minor by his next friend, Juan Gutierrez, ADELA MARTINEZ, ADELA MARTINEZ, CRYSTAL MARTINEZ, PERLA SOTO, JUAN MANUEL MARTINEZ, JESSICA JIMENEZ, A.M., a minor by her next friend Jessica Jimenez, J.M.M., a minor by his next friend Jessica Jimenez, J.A.M., a minor by his next friend, Jessica Jimenez, HOMERO TAMEZ, BLANCA TAMEZ, F.B., a minor by his next friend Blanca Tamez, Y.B., a minor by her next friend Blanca Tamez, DELLANIRA TAMEZ, L.T., a minor by his next friend Dellanira Tamez, and ROSALINDA SANCHEZ, <br><br> *Plaintiffs*, <br><br> *v.* <br><br> SYNGENTA SEED INC., CRISTOBAL MARTINEZ SR. and CRISTOBAL MARTINEZ JR., <br><br> *Defendants*. | Civil Action No. _____ <br><br><br> **Jury Trial Demanded** |

## PLAINTIFFS' ORIGINAL COMPLAINT

### I. PRELIMINARY STATEMENT

1.     This is an action for damages and declaratory relief brought by thirty migrant agricultural

workers and their family members from South Texas who Defendants recruited, employed, or

housed in Iowa during the 2013 corn detasseling season. Plaintiffs accepted Defendants' offer of employment, ceased to seek other employment opportunities, and travelled to Iowa at Defendants' request. Upon their arrival, Plaintiffs were placed in poor housing conditions while they waited for as long as three weeks to begin working, which forced them to use their scant resources for food and other necessities. Once they began working, Plaintiffs or their family members did not receive the amount of work Defendants promised and suffered poor work conditions, including potential exposure to pesticides and not being paid for all hours worked. Plaintiffs thus bring this civil action against Defendants seeking damages and other relief due to Defendants' violation of Plaintiffs' rights under the Migrant and Seasonal Agricultural Worker Protection Act, 29 U.S.C. §§ 1801 *et seq.* (hereafter "AWPA"), the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* (hereafter "FLSA"), and state contract law.

## II. JURISDICTION AND VENUE

2.      This Court has federal question jurisdiction pursuant to 28 U.S.C. § § 1331 and 1337.

3.      Jurisdiction over the federal claims in this action is also proper pursuant to 29 U.S.C. §§ 1854(a) and 216(b).

4.      This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiffs' claims arising under state law because these claims are so related to the federal claims that they form part of the same case or controversy.

5.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as well as 29 U.S.C. § § 1854(a) and 216(b).

6.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. § § 2201-2202 and Tex. Civ. Prac. & Rem. Code § § 37.001 - .011.

## III. PARTIES

**A.**    **Plaintiffs:**

7.    Plaintiffs are residents of the State of Texas.

8.    Plaintiffs reside in Hidalgo County, Texas.

9.    Plaintiffs Adela Martinez and Adela Martinez are mother and daughter. The younger Adela Martinez is also known as Adela "Adelita" Martinez and, hereinafter, will be referred to as Plaintiff Adelita Martinez.

10.    Plaintiffs Jose Castorena Jr., Jose Castorena III, Victor Castorena, Sylvia Jimenez, Griselda Jimenez, Maria Jimenez, A.J., N.J., Coral Longoria, Juan Gutierrez, O.L., Adela Martinez, Adelita Martínez, Crystal Martinez, Perla Soto, Juan Manuel Martinez, Jessica Jimenez, and Homero Tamez are each migrant agricultural workers and, hereinafter, may be collectively referred to as the "migrant worker Plaintiffs."

11.    Plaintiffs Blanca Tamez, A.J.J., A.M., J.M.M., J.A.M., F.B., and Y.B. are each a non-working, immediate family member of a migrant worker Plaintiff and, hereinafter, may be collectively referred to as the "non-working Plaintiffs."

**B.**    **Defendant Syngenta:**

12.    Defendant Syngenta Seed Inc. (herein "Syngenta") may be served through its registered agent CT Corporation System at 1999 Bryan Street, Ste. 900, Dallas, TX 75201-3136.

13.    Upon information and belief, Defendant Syngenta Seed Inc.'s parent company is Syngenta Corporation, a Delaware corporation. The Syngenta Corporation is a multi-national agribusiness corporation that employs more than 28,000 people in over 90 countries, including about 5,000 in North America. Defendant Syngenta Seed Inc. has several business operations in Texas, including agricultural seed corn fields and related facilities.

14.     At all times relevant to this action, Defendant Syngenta did business in the state of Texas by recruiting Texas residents, including the migrant worker Plaintiffs, directly or through intermediaries, including Defendant Cristobal Mendoza and Defendant Cristobal Mendoza Jr., in Texas for employment outside of Texas.

15.     Upon information and belief, Defendant Syngenta contracted with Defendants Cristobal Mendoza Sr. and Cristobal Mendoza Jr. to supply migrant agricultural workers, including the migrant worker Plaintiffs, to Syngenta by recruiting, soliciting, hiring, employing, furnishing, housing or transporting them for employment with Syngenta in Iowa during the 2013 corn detasseling season.

**C.      Defendant Cristobal Mendoza, Sr.:**

16.     Upon information and belief, Defendant Cristobal Mendoza is the father of Cristobal Mendoza Jr. and may hereinafter be referred to as "Cristobal Mendoza Sr."

17.     Upon information and belief, Defendant Cristobal Mendoza Sr. resides at 7718 Los Ebanos Rd., Mission, Texas 78573, and may be served at his personal residence.

18.     During the 2013 Iowa corn detasseling season, Defendant Cristobal Mendoza Sr. was registered as a farm labor contractor with the U.S. Department of Labor (hereafter, USDOL). Defendant Cristobal Mendoza Sr. was only authorized by USDOL to recruit agricultural workers and was not authorized to transport, drive or house agricultural workers.

19.     Defendant Cristobal Mendoza Sr. supplied migrant agricultural workers, including the migrant worker Plaintiffs, to Syngenta by recruiting, soliciting, hiring, employing, furnishing, housing or transporting them for employment with Syngenta in Iowa during the 2013 corn detasseling season.

20.     At all times relevant, and in all Defendant Cristobal Martinez Sr.'s actions and omissions set forth herein, Defendant Cristobal Martinez Sr. acted as an agent for Defendant Syngenta, and acted within the scope of his agency.

**D.     Defendant Cristobal Martinez Jr.:**

21.     Upon information and belief, Defendant Cristobal Mendoza Jr. resides at 2103 Obra Dorado, Mission, Texas 78572, and may be served at his personal residence.

22.     During the 2013 Iowa corn detasseling season, Defendant Cristobal Mendoza Jr. was registered as a farm labor contractor with USDOL. Defendant Cristobal Mendoza Jr. was only authorized by USDOL to recruit agricultural workers and was not authorized to transport, drive or house agricultural workers.

23.     Defendant Cristobal Mendoza Jr. supplied migrant agricultural workers, including the migrant worker Plaintiffs, to Defendant Syngenta by recruiting, soliciting, hiring, employing, furnishing, housing or transporting them for employment with Syngenta in Iowa during the 2013 corn detasseling season.

24.     At all times relevant, and in all Defendant Cristobal Martinez Jr.'s actions and omissions set forth herein, Defendant Cristobal Martinez Jr. acted as an agent for Defendant Syngenta, and acted within the scope of his agency.

## IV. STATEMENT OF FACTS

**A.     Recruitment in Texas:**

25.     In 2013, Defendant Syngenta authorized Defendants Cristobal Mendoza Sr. and Cristobal Mendoza, Jr. to recruit, solicit, hire, employ, furnish, transport, or house migrant workers to work in seed fields in Iowa and to take all appropriate actions needed to accomplish this purpose.

26.     Upon information and belief, Defendant Syngenta compensated Defendants Cristobal Mendoza and Cristobal Mendoza Jr. in 2013 to recruit, solicit, hire, employ, furnish, transport, and house migrant workers for work they would perform for Syngenta.

27.     In 2013, Defendants Cristobal Mendoza and Cristobal Mendoza Jr. recruited the migrant worker Plaintiffs at either Plaintiffs' homes or at Defendant Cristobal Mendoza Sr.'s home in Mission, Texas.

28.     In 2013, Defendant Cristobal Mendoza and Defendant Cristobal Mendoza Jr. recruited, solicited and hired the migrant worker Plaintiffs to do corn detasseling work for Defendant Syngenta in Iowa.

29.     Corn detasseling work, and related work activities, are unskilled, rote work.

30.     Nevertheless, corn detasseling work is an integral part of Defendant Syngenta's business operation. Syngenta dictates which fields the migrant agricultural workers will detassel, the number of detasseling passes they must make and when they will perform the work. Syngenta supervises, dictates and inspects the quality of the detasseling workers' work in a precise and detailed manner.

31.     While in Texas, Defendants Cristobal Mendoza and Cristobal Mendoza Jr. offered the migrant worker Plaintiffs agricultural employment with Defendants during the summer of 2013. The migrant worker Plaintiffs accepted the offers.

32.     In 2013, Defendants, personally or through their agents, provided false and misleading information to the migrant worker Plaintiffs concerning the terms, conditions, or existence of agricultural employment when recruiting and offering the migrant worker Plaintiffs employment with Defendants.

33.     Defendants knowingly provided false and misleading information to the migrant worker Plaintiffs concerning the terms, conditions or existence of agricultural employment.  Specifically, Defendants Cristobal Mendoza and Cristobal Mendoza, Jr., personally or through their agents, told all or some of the migrant worker Plaintiffs, among other promises, that Plaintiffs would receive free housing for themselves and their non-working family members in Iowa during the detasseling season.

34.     Defendants Cristobal Mendoza Sr. and Cristobal Mendoza, Jr., personally or through their agents, also told all or some of the migrant worker Plaintiffs they would:

    a) Receive free housing for themselves and their non-working family members;

    b) Receive free child care;

    c) Have "many acres" to work on;

    d) Have "plenty of work";

    e) Have "more work" than in years prior;

    f)  Have the opportunity to perform detassling work on a total of 1600 acres;

    g) Be called to travel to Iowa for work on July 7, 2013;

    h) Have employment beginning the day after arrival in Iowa; and

    i) Have at least four to six weeks of employment with Defendants.

35.     Defendants' promises and misrepresentations induced Plaintiffs to rely upon and accept Defendants' offers of employment.

36.     Defendants intended that Plaintiffs would rely on their promises and misrepresentations regarding the employment for which they were recruited, thereby inducing Plaintiffs to accept Defendants' offers and leave Texas to travel to Iowa to work for Defendants.

37.     Defendants were aware of Plaintiffs' conduct undertaken in reliance on Defendants' promises and misrepresentations.

38.     Plaintiffs' conduct, undertaken in reliance on Defendants' promises and factual misrepresentations, was reasonable and detrimental to Plaintiffs.

39.     Defendants' promises and factual misrepresentations, including those regarding the amount of work to be provided, were material to the employment arrangement.

40.     Defendants' offer to the migrant worker Plaintiffs created a working arrangement.

41.     The working arrangement between the migrant worker Plaintiffs and Defendants implicitly included, as a material term, a promise by Defendants to comply with applicable federal and state labor protection standards, including safety and health standards for field sanitation and housing.

**B.      Travel to and Arrival in Iowa:**

42.     The working arrangement between the migrant worker Plaintiffs and Defendants required Plaintiffs to leave their places of residence in Texas and to travel from South Texas to Iowa to work for Defendants.

43.     The migrant worker Plaintiffs lost the opportunity to seek other employment opportunities by traveling to Iowa to work for Defendants.

44.     Defendant Cristobal Mendoza. Sr., and Defendant Cristobal Mendoza Jr., advanced funds to some migrant worker Plaintiffs to be used for travel to Iowa.

45.     Upon arrival in Iowa, the migrant worker Plaintiffs contacted Defendant Cristobal Mendoza Sr. who then directed the migrant worker Plaintiffs to one of four hotels in which Defendants housed agricultural workers in Marshalltown, Iowa.

**C.**      **Housing in Iowa:**

46.     Defendant Cristobal Mendoza Sr. was not authorized by USDOL to perform housing activities as a farm labor contractor.

47.     Defendant Cristobal Mendoza Jr. was not authorized by USDOL to perform housing activities as a farm labor contractor.

48.     Defendant Syngenta did not take reasonable steps to determine whether Defendants Cristobal Mendoza Sr. or Cristobal Mendoza Jr., possessed certificates of registration from USDOL which authorized them to provide housing as farm labor contractors.

49.     Upon information and belief, Defendant Syngenta directed Defendants Cristobal Mendoza Sr. and Cristobal Mendoza Jr. to utilize temporary housing in Iowa for Plaintiffs.

50.     Upon information and belief, Defendant Syngenta paid for and/or reimbursed Defendants Cristobal Mendoza Sr. and Cristobal Mendoza Jr., for the housing in Iowa provided to Plaintiffs.

51.     Defendants assigned Plaintiffs housing at one of the following hotels in Marshalltown, Iowa:

> a.   Franklin Motel, located at 1108 Iowa Ave. W., Marshalltown, IA 50158;
>
> b.   Executive Inn, located at 2009 S. Center St., Marshalltown, IA 50158;
>
> c.   Colonial Inn, located at 1001 Iowa Ave. W., Marshalltown, IA 50158 or
>
> d.   Flamingo Motel, located at 705 Iowa Ave. W., Marshalltown, IA 50158.

52.     The housing Defendants provided to Plaintiffs was not of the same character, or provided on the same or comparable terms or conditions, as was provided to the general public who stayed there.

53.     The housing Defendants provided to Plaintiffs failed to meet minimum federal and state, safety and health standards, including, *inter alia:*

    a.  Overcrowding;

    b.  Inadequate cooking, refrigeration, food storage and food preparation facilities;

    c.  Lack of or insufficient number of beds;

    d.  Unsanitary mattress conditions;

    e.  Inadequate or unsanitary water supply;

    f.  Lack of insect and rodent control;

    g.  No laundry facilities or inadequate laundry facilities and

    h.  Inadequate cooling or air ventilation.

54.    For example, Dellanira Tamez, and minor, L.T., suffered rashes caused by bed bugs to such a degree that they sought medical attention due to the unsanitary housing conditions.

55.    Defendants failed to provide each Plaintiff with a copy of the terms and conditions of his or her occupancy of the housing in a language that he or she could understand.

56.    Defendants failed to post a copy of the certificate of occupancy before using the hotels to house Plaintiffs.

**D.**    **<u>Transportation:</u>**

57.    During the 2013 detasseling season, Defendants assigned the migrant worker Plaintiffs to work in multiple fields, at times, within the same day.

58.    The fields were not always near each other geographically and some fields were approximately an hour's drive away.

59.    Defendant Syngenta authorized and directed Defendants Cristobal Mendoza and Cristobal Mendoza Jr. to transport the migrant worker Plaintiffs between the housing and the various work sites during the 2013 detasseling season.

60.    Defendant Syngenta selected the work sites the migrant worker Plaintiffs were to work for Defendants.

61.    During the 2013 detasseling season, Defendants Cristobal Mendoza Sr. and Cristobal Mendoza Jr. were not authorized by USDOL to drive agricultural workers or provide agricultural workers with transportation in any vehicles.

62.    Defendant Syngenta did not take reasonable steps to ensure whether either Defendants Cristobal Mendoza Sr. or Cristobal Mendoza Jr., possessed certificates from USDOL authorizing them to drive agricultural workers or provide them transportation in any vehicles.

63.    Upon information and belief, Defendants caused the transportation of migrant worker Plaintiffs by drivers who were not properly licensed as required by federal or state safety laws.

64.    Upon information and belief, Defendants caused the transportation of migrant worker Plaintiffs in vehicles that did not comply with federal or state safety laws.

65.    Upon information and belief, Defendants caused the transportation of migrant worker Plaintiffs in vehicles that were not covered by insurance as required by federal or state safety laws.

**E.    Working Arrangement and Pay:**

66.    During the 2013 corn detasseling season, the migrant worker Plaintiffs detasseled corn, and performed related activities, in Iowa for Defendants.

67.    Defendants did not provide the migrant worker Plaintiffs with the amount of work Defendants promised Plaintiffs.

68.    Defendants did not provide detasseling work to the migrant worker Plaintiffs by the start date Defendants promised.

69.    Once the detasseling work began, Defendants failed to pay the migrant worker Plaintiffs at least twice per calendar month.

70.    Defendants failed to pay each migrant worker Plaintiff the state and federal minimum wage, *i.e.* $7.25 per hour, for all hours worked for Defendants, by *inter alia:*

        a.    Failing to pay each migrant worker Plaintiff the state and federal minimum wage for each hour spent at meetings, trainings or orientations;

        b.    Failing to pay each migrant worker Plaintiff the state and federal minimum wage for each hour spent traveling to and from the multiple fields in which they worked or

        c.    Failing to pay each migrant worker Plaintiff the state and federal minimum wage for each hour spent engaged to wait in the fields to begin detasseling.

71.    Upon information and belief, Defendants failed to pay migrant worker Plaintiffs $90-100 per acre as promised.

72.    Defendants failed to maintain accurate records of the hours each migrant worker Plaintiff worked.

73.    Defendants failed to provide each migrant worker Plaintiff with wage statements that accurately reflected the number of hours that migrant worker Plaintiff worked.

74.    Defendants failed to maintain accurate records of the piecework units performed by each migrant worker Plaintiff.

75.    Defendants failed to provide each migrant worker Plaintiff with wage statements that accurately reflected the number of piecework units he or she performed.

76.    Defendants failed to provide each migrant worker Plaintiff with wage statements that reflected his or her hourly rate of pay or other required information.

77.    Defendants did not reimburse the migrant worker Plaintiffs for their travel expenses to Iowa as Defendants had promised.

78.     Defendants made unlawful deductions from the migrant worker Plaintiffs' pay.

79.     Defendants failed to make available for inspection a written statement of the terms and conditions of employment at the migrant worker Plaintiffs' work locations.

80.     Defendants failed to post a notice explaining the rights of the migrant worker Plaintiffs under the AWPA in a conspicuous place at their work locations.

81.     Defendants failed to post a notice explaining the rights of the migrant worker Plaintiffs under the FLSA in a conspicuous place at their work locations.

**F.      Field Conditions**

82.     Defendants failed to supply clean, potable water to the migrant worker Plaintiffs.

83.     Defendants failed to supply cool, potable water to the migrant worker Plaintiffs or to keep water supplied at cool temperatures.

84.     Defendants failed to provide a reasonable supply of water at the migrant worker Plaintiffs' work locations.

85.     Defendants failed to provide single-use, disposable drinking cups for the migrant worker Plaintiffs while they performed work in the fields.

86.     Upon information and belief, Defendants provided portable toilets for use at the work sites.

87.     Defendants failed to provide sufficient toilet or hand-washing facilities within one-quarter mile of where the migrant worker Plaintiffs worked.

88.     Defendants failed to afford the migrant worker Plaintiffs reasonable opportunities to use any hand-washing facilities, toilet facilities or to drink water, while they worked in the fields.

89.     Upon information and belief, on at least one occasion during the 2013 detasseling season, Defendants directed the migrant worker Plaintiffs to work in a field that had been recently sprayed with pesticides in violation of 40 C.F.R. § 170.112(a)(1).

90.     Upon information and belief, the "restricted-entry interval" for the pesticides that had been applied had not yet expired and the migrant worker Plaintiffs were instructed to enter and remain working in the treated area.

91.     Defendants did not give the migrant worker Plaintiffs written notice of the application of pesticides in that field as required by 40 C.F.R. § 170.120(c).

92.     Defendants did not provide the migrant worker Plaintiffs with oral notice of the application of pesticides in that field as required by 40 C.F.R. § 170.120(d).

93.     Upon information and belief, Defendants did not ensure the migrant worker Plaintiffs had received pesticide safety training within the last five years prior to entering that field.

94.     Soon after the migrant worker Plaintiffs entered that field to work, some of the migrant worker Plaintiffs became ill and vomited.

95.     Upon information and belief, the day after this incident, Defendant Syngenta conducted a training for the migrant worker Plaintiffs related to entry and re-entry into fields recently sprayed with pesticides.

96.     Previous to that date, Defendants failed to provide the migrant worker Plaintiffs with pesticide safety training in accordance with the Worker Protection Standards set forth by the Environmental Protection Agency, specifically 40 CFR § 170.130.

97.     Plaintiffs suffered economic, mental and physical harm as a result of Defendants' actions.

98.     Prior to filing this lawsuit, Plaintiffs' counsel sent each defendant a letter on June 23, 2015, describing Plaintiffs' damages. Plaintiffs invited Defendants to contact them promptly to

discussing resolving this dispute out-of-court, but warned they would sue if Defendants did not respond. Plaintiffs received no response from Defendants.

## V. PLAINTIFFS' CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**(Violation of the Migrant and Seasonal Agricultural Worker Protection Act, 29 U.S.C. 1800, *et seq.*)**

99.     Plaintiffs hereby incorporate paragraphs 1-98 as if fully stated herein.

100.    At all times relevant to this action, each of the migrant worker Plaintiffs was a "migrant agricultural worker" within the meaning of 29 U.S.C. § 1802(8)(A).

101.    At all times relevant to this action, Defendant Syngenta was an agricultural employer within the meaning of 29 U.S.C. § 1802(2).

102.    At all times relevant to this action, Defendant Cristobal Mendoza was a farm labor contractor within the meaning of 29 U.S.C. §1807(7).

103.    At all times relevant to this action, Defendant Cristobal Mendoza Jr. was a farm labor contractor within the meaning of 29 U.S.C. § 1807(7).

104.    Each Defendant employed the migrant worker Plaintiffs within the meaning of 29 U.S.C. § 1802(5)(g) during the course of their Iowa employment with Syngenta Seed Incorporated during the 2013 detasseling season.

105.    At all times relevant to this action, the migrant worker Plaintiffs were engaged in agricultural employment as defined by 29 U.S.C. § 1802(3).

106.    During the 2013 detasseling season, each Defendant intentionally violated all migrant worker Plaintiffs' rights under the AWPA by, *inter alia*:

> a.  Failing to post, in a conspicuous place at the work locations, information concerning the migrant worker Plaintiffs' rights under the AWPA in violation of 29 U.S.C. §1821 (b);

b. Failing to make and keep and preserve adequate payroll records for each migrant worker Plaintiff in violation of 29 U.S.C. §1821(d) (1);

c. Failing to provide to each migrant worker Plaintiff an itemized statement with the information as required by 29 U.S.C. §1821 (d) (2);

d. Knowingly providing false and misleading information to the migrant worker Plaintiffs regarding the terms, conditions and existence of agricultural employment, in violation of 29 U.S.C. § 1821(f);

e. Failing to pay each migrant worker Plaintiff their wages owed when due, in violation of 29 U.S.C. § 1822(a);

f. Breaching the terms of the working arrangement made with the migrant worker Plaintiffs, including applicable federal and state safety and health standards, in violation of 29 U.S.C. § 1822(c);

g. Failing to ensure the vehicles used to transport migrant worker Plaintiffs to the work locations conformed to applicable federal and state safety and health standards in violation of 29 U.S.C. §1841 (b) (1) (A);

h. Failing to ensure each driver held valid and appropriate drivers' licenses to operate the vehicles used to transport migrant worker Plaintiffs to the work locations in violation of 29 U.S.C. § 1841(b)(1)(B);

i. Failing to hold an insurance policy or liability bond for the vehicles used to transport migrant worker Plaintiffs to the work locations in violation of 29 U.S.C. § 1841 (b)(1)(C); and

j. Failing to make available at the work locations for inspection by the migrant worker Plaintiffs a written statement of the terms and conditions of employment as required by 29 U.S.C. § 1843.

107.    During the 2013 detasseling season, each Defendant intentionally violated all Plaintiffs' rights under the AWPA by, *inter alia*:

    a. Failing to post in a conspicuous place or to present to each Plaintiff a statement of the terms and conditions of the occupancy of the housing provided to Plaintiffs' in violation of 29 U.S.C. §1821(c);

    b. Failing to ensure that the housing provided to Plaintiffs complied with applicable federal and state safety and health standards in violation of 29 U.S.C. §1823 (a); and

    c. Failing to post a certificate of occupancy concerning the housing provided to Plaintiffs in violation of 29 U.S.C. §1823 (b) (1).

108. During the 2013 detasseling season, Defendant Cristobal Mendoza Sr. intentionally violated Plaintiffs' rights under the AWPA by, *inter alia*:

    a. Failing to possess the appropriate certification of registration issued by USDOL authorizing the housing activities he performed as a farm labor contractor in violation of 29 U.S.C. § 1811(a);

    b. Failing to possess the appropriate certification of registration issued by USDOL authorizing the transportation activities he performed as a farm labor contractor in violation of 29 U.S.C. § 1811(a);

    c. Using individuals who lacked a certificate of registration for farm labor contracting activities; and

    d. Failing to exhibit the appropriate certificate of registration to all persons with whom he intended to deal with as a farm labor contractor, namely, the migrant worker Plaintiffs, in violation of 29 U.S.C. § 1811(c).

109. During the 2013 detasseling season, Defendant Cristobal Mendoza Jr. intentionally violated Plaintiffs' rights under the AWPA by, *inter alia*:

    a. Failing to possess the appropriate certification of registration issued by USDOL authorizing the housing activities he performed as a farm labor contractor in violation of 29 U.S.C. §1811 (a);

    b. Failing to possess the appropriate certification of registration issued by USDOL authorizing the transportation activities he performed as a farm labor contractor in violation of 29 U.S.C. § 1811(a); and

      c. Failing to exhibit the appropriate certificate of registration to all persons with whom he intended to deal with as a farm labor contractor, namely, the migrant worker Plaintiffs, in violation of 29 U.S.C. § 1811(c).

110.    Defendant Syngenta intentionally violated Plaintiffs' rights under the AWPA by, *inter alia*, failing to take reasonable steps to determine whether either Defendants Cristobal Mendoza Sr. or Cristobal Mendoza Jr. possessed a valid certificate of registration authorizing their performance of housing and transportation activities for Plaintiffs during the 2013 detasseling season, in violation of 29 U.S.C. §1842.

111.    Pursuant to 29 U.S.C. § 1854(c), Plaintiffs are entitled to receive the greater of up to $500 per violation in statutory damages, or their actual damages, for each violation for which they establish Defendants' liability.  Plaintiffs seek the full amount of damages available.

## SECOND CAUSE OF ACTION
### (Violation of the Fair Labor Standards Act, 29 U.S.C. §§201 *et seq.*)

112.    Plaintiffs hereby incorporate paragraphs 1-111 as if fully stated herein.

113.    At all times relevant to this action, each Defendant was an "employer" of the migrant worker Plaintiffs' as defined by 29 U.S.C. § 203(d).

114.    The migrant worker Plaintiffs were "employees" as defined by 29 U.S.C. § 203(e)(1).

115.    The migrant worker Plaintiffs were "non-exempt" employees and did not fall under any exemptions defined in 29 U.S.C. § 213.

116.    At all times relevant to this action, Defendants "employed" the migrant worker Plaintiffs as defined by 29 U.S.C. § 203(g).

117.    At all times relevant to this action, each Plaintiff was employed in commerce or in the production of goods for commerce, or was employed in an enterprise engaged in commerce or the production of goods for commerce, as defined by 29 U.S.C. § 203(s)(1).

118.    At all times relevant to this action, the federal minimum wage was $7.25 per hour.

119.    During the 2013 Iowa corn detasseling season, Defendants failed to pay the migrant worker Plaintiffs the federal minimum wage for each hour worked by the migrant worker Plaintiffs for Defendants in violation of 29 U.S.C. § 206(a)(1)(C).

120.    Pursuant to 29 U.S.C. § 216(b), the migrant worker Plaintiffs are entitled to recover from Defendants for their unpaid minimum wages, an additional equal amount in liquidated damages, reasonable attorneys' fees and costs of this action. Plaintiffs seek the full amount of damages available.

### THIRD CAUSE OF ACTION
**(Breach of Contract)**

121.    Plaintiffs hereby incorporate paragraphs 1-120 as if fully stated herein.

122.    In late June 2013, Defendants offered employment and housing to the migrant worker Plaintiffs, and their families, based on the terms and conditions set forth herein as described by Defendants Cristobal Mendoza and Cristobal Mendoza Jr. to the migrant worker Plaintiffs upon recruitment in Texas.

123.    The terms and conditions Defendants' employment offers included, *inter alia,* that the migrant worker Plaintiffs would travel to Iowa to work detasseling corn.

124.    The migrant worker Plaintiffs accepted the individual employment offers from Defendants for themselves and on behalf of their families.

125.    Upon acceptance, the migrant worker Plaintiffs ceased to seek other employment opportunities, and Plaintiffs subsequently left their homes in South Texas to travel to Iowa to be available to fulfill their employment contract with Defendants.

126.    After their arrival, the migrant worker Plaintiffs performed agricultural labor for Defendants upon instructions from Defendant Syngenta's agricultural operations in Iowa as

members of a detasseling crew for which Defendants Cristobal Mendoza and Cristobal Mendoza Jr. were the crew leaders.

127.    Defendants breached each contract of employment into which they entered with the migrant worker Plaintiffs, *inter alia*, as follows:

      a.   They received less acres to work upon than the number of acres promised;

      b.   They were not afforded the opportunity to work for as many weeks as promised;

      c.   They earned less than the amount they were promised they would earn; and

      d.   All Plaintiffs were not provided with adequate housing.

128.    Defendants' breach of the employment contracts caused Plaintiffs to incur damages.

129.    Defendants are liable to Plaintiffs for attorney fees, costs and damages including expectancy, reliance (direct, incidental and consequential damages), and restitution damages pursuant to Tex. Civ. Prac. & Rem. Code Ann. § § 38.001 *et seq*.  Plaintiffs seek the full amount of damages available.

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiffs request that this Court enter judgment in favor of Plaintiffs and grant them the following relief:

      a.   Award Plaintiffs their actual damages or, alternatively, statutory damages of $500.00 per person, per violation (whichever is greater), for Defendants' violations of the AWPA;

      b.   Award the migrant worker Plaintiffs their unpaid minimum wages, plus an equal amount in liquidated damages;

      c.   Award Plaintiffs their actual, incidental, and consequential damages resulting from Defendants' breach of contract;

      d.   Award Plaintiffs their attorneys' fees, reasonable expenses and costs;

e.  Award Plaintiffs costs of the court; and

f.  Award Plaintiffs all such other relief as this Court deems just and proper.

Respectfully submitted,

/s/ Lisa Y. Guerra_____
Lisa Y. Guerra
Attorney-in-Charge for Group 1 Plaintiffs
S.D.TX No. 2506606
TEXAS RIOGRANDE LEGAL AID, INC.
300 South Texas Blvd
Weslaco, Texas 78596
Telephone: (956) 447-4800
Facsimile: (956) 968-8823
Email: lguerra@trla.org

/s/ Marinda van Dalen_____
Marinda van Dalen
Attorney for Group 1 Plaintiffs
Texas Bar No. 00789698
S.D. No. 17577
TEXAS RIOGRANDE LEGAL AID, INC.
531 E. St. Francis Street
Brownsville, Texas 78520
Telephone: (956) 982-5540
Facsimile: (956) 541-1410
Email: mvandalen@trla.org

/s/  Wallis Nader_____
Wallis Nader
Attorney-in-Charge for Group 2 Plaintiffs
Texas Bar No. 24092884
S.D. No. 2609150
The South Texas Civil Rights Project
1017 W. Hackberry Ave
Alamo, TX 78516
Telephone: (956) 787-8171
Fax: (956) 787-6348
Wallis.tcrp@gmail.com

/s/ Efrén C. Olivares
Efrén C. Olivares
Attorney for Group 2 Plaintiffs
Texas Bar No. 44065884
S.D. No. 1015826
The South Texas Civil Rights Project
1017 W. Hackberry Ave
Alamo, TX 78516
Telephone: (956) 787-8171
Fax: (956) 787-6348
Efren.c.olivares@gmail.com

**Group 1 Plaintiffs:**  Felipe Barrientos Jr., Felipe Barrientos Sr., Jose Castorena Jr., Jose Castorena III, Victor Castorena, Griselda Jimenez, Maria Jimenez, A.J.J., A.J., N.J., Coral Longoria, Juan Gutierrez, O.L., Adela Martinez, Adelita Martínez, Crystal Martinez, Perla Soto, Juan Manuel Martinez, Jessica Jimenez, A.M., J.M.M., J.A.M, Homero Tamez, Blanca Tamez, F.B., Y.B., Dellanira Tamez, L.T., and Rosalinda Sanchez.

**Group 2 Plaintiffs:**  Felipe Barrientos Jr., Felipe Barrientos Sr., Jose Castorena Jr., Jose Castorena III, Victor Castorena, Sylvia Jimenez, Griselda Jimenez, Maria Jimenez, A.J.J., A.J., N.J., Coral Longoria, Juan Gutierrez, O.L., Adela Martinez, Adelita Martínez, Crystal Martinez, Perla Soto, Juan Manuel Martinez, Jessica Jimenez, A.M., J.M.M., J.A.M., Homero Tamez, Blanca Tamez, F.B., Y.B., Dellanira Tamez, L.T., and Rosalinda Sanchez.