**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| **FELIPE BARRIENTOS JR., ET AL,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 7:15-CV-309** |
| | § | |
| **SYNGENTA SEED INC., ET AL,** | § | |
| | § | |
| **Defendants.** | § | |

**DEFENDANT SYNGENTA SEED INC.'S ANSWER AND AFFIRMATIVE AND OTHER**
**DEFENSES TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

Defendant Syngenta Seed Inc. ("Defendant Syngenta") files its Answer to Plaintiffs'

Second Amended Complaint ("Complaint"). *See* Doc. No. 24.

## I.  ANSWER TO PLAINTIFFS' COMPLAINT

1.      Defendant Syngenta objects to the term "Defendants" as vague and ambiguous because it

is unclear which Defendants Plaintiffs are referring to.   Subject thereto and without

waiving the foregoing objections, Defendant Syngenta admits that Plaintiffs seek

damages and declaratory relief under the Migrant and Seasonal Agricultural Worker

Protection Act, 29 U.S.C. §§ 1801 *et seq.* ("AWPA"), the Fair Labor Standards Act of

1938, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and state contract law, but denies that it

engaged in any unlawful conduct and/or that Plaintiffs are entitled to the relief that they

seek.   Defendant Syngenta further denies the remaining factual allegations contained in

Paragraph 1.   As to Defendants Cristobal Mendoza Sr. and Cristobal Mendoza Jr.

(collectively "Defendants Mendoza"), Defendant Syngenta does not have sufficient

information to admit or deny the remaining factual allegations in Paragraph 1, and thus

denies same.

## II.  JURISDICTION AND VENUE

2.      Defendant Syngenta admits that this Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337, but denies that it engaged in any unlawful conduct and/or that Plaintiffs are entitled to the relief that they seek.

3.      Defendant Syngenta admits that jurisdiction over the federal claims in this action is proper pursuant to 29 U.S.C. §§ 1854(a) and 216(b), but denies that it engaged in any unlawful conduct and/or that Plaintiffs are entitled to the relief that they seek.

4.      Defendant Syngenta admits that this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiffs' claims arising under state law, but denies that it engaged in any unlawful conduct and/or that Plaintiffs are entitled to the relief that they seek.

5.      Defendant Syngenta admits that venue is proper, but denies that it engaged in any unlawful conduct and/or that Plaintiffs are entitled to the relief that they seek.

6.      Defendant Syngenta admits that this Court may issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201-2202 and Tex. Civ. Prac. & Rem. Code §§ 37.0001-.011, but denies that it engaged in any unlawful conduct and/or that Plaintiffs are entitled to the relief that they seek.

**A.      Plaintiffs:**

7.      Defendant Syngenta lacks sufficient information to admit or deny the allegations contained in Paragraph 7 of the Complaint, and thus denies same.

8.      Defendant Syngenta lacks sufficient information to admit or deny the allegations contained in Paragraph 8 of the Complaint, and thus denies same.

9.      Defendant Syngenta lacks sufficient information to admit or deny the allegations contained in Paragraph 9 of the Complaint, and thus denies same.

10.    Defendant Syngenta lacks sufficient information to admit or deny the allegations contained in Paragraph 10 of the Complaint, and thus denies same.

11.    Defendant Syngenta lacks sufficient information to admit or deny the allegations contained in Paragraph 11 of the Complaint, and thus denies same.

**B.    <u>Defendant Syngenta:</u>**

12.    Defendant Syngenta admits the allegations contained in Paragraph 12 of the Complaint.

13.    Defendant Syngenta objects to the term "related facilities" as vague and ambiguous. Subject thereto and without waiving the foregoing objections, Defendant Syngenta admits that Syngenta Corporation, a Delaware Corporation, is its parent company, that Syngenta Corporation is a "multi-national agribusiness corporation," and that Defendant Syngenta conducts business operations in Texas, which includes agricultural seed corn fields, but denies that it engaged in any unlawful conduct and/or that Plaintiffs are entitled to the relief that they seek.  Except as expressly admitted, Defendant Syngenta denies the remaining allegations in Paragraph 13 of the Complaint.

14.    Defendant Syngenta admits that it did business in the state of Texas during the relevant time period to this action, but denies that it engaged in any unlawful conduct and/or that Plaintiffs are entitled to the relief that they seek.  Except as expressly admitted, Defendant Syngenta denies the remaining allegations in Paragraph 14 of the Complaint.

15.    Defendant Syngenta admits that it contracted with Defendants Mendoza to provide detasseling services during the 2013 season in its farmlands in Iowa, but denies that it engaged in any unlawful conduct and/or that Plaintiffs are entitled to the relief that they seek.  Except as expressly admitted, Defendant Syngenta denies the remaining allegations in Paragraph 15 of the Complaint.

**C.**     **Defendant Cristobal Mendoza, Sr.:**

16.     Defendant Syngenta lacks sufficient information to admit or deny the allegations contained in Paragraph 16 of the Complaint, and thus denies same.

17.     Defendant Syngenta lacks sufficient information to admit or deny the allegations contained in Paragraph 17 of the Complaint, and thus denies same.

18.     Defendant Syngenta lacks sufficient information to admit or deny the allegations contained in Paragraph 18 of the Complaint, and thus denies same.

19.     Defendant Syngenta objects to the terms "supplied" and "employment" as vague and ambiguous.  Subject thereto and without waiving the foregoing objections, Defendant Syngenta lacks sufficient information to admit or deny the allegations contained in Paragraph 19 of the Complaint, and thus denies same.

20.     Defendant Syngenta denies the allegations contained in Paragraph 20 of the Complaint.

**D.**     **Defendant Cristobal Mendoza, Jr.**

21.     Defendant Syngenta lacks sufficient information to admit or deny the allegations contained in Paragraph 21 of the Complaint, and thus denies same.

22.     Defendant Syngenta admits that during the 2013 corn detasseling season, Cristobal Mendoza Jr. was registered as a farm labor contractor with the US Department of Labor, but denies that it engaged in any unlawful conduct and/or that Plaintiffs are entitled to the relief that they seek.  Except as expressly admitted, Defendant Syngenta denies the remaining allegations in Paragraph 22 of the Complaint.

23.     Defendant Syngenta objects to the terms "supplied" and "employment" as vague and ambiguous.  Subject thereto and without waiving the foregoing objections, Defendant Syngenta lacks sufficient information to admit or deny the allegations contained in Paragraph 23 of the Complaint, and thus denies same.

24.     Defendant Syngenta denies the allegations contained in Paragraph 24 of the Complaint.

### III.  STATEMENT OF FACTS

A.     <u>**Recruitment in Texas:**</u>

25.     Defendant Syngenta objects to the term "authorized" as vague and ambiguous and/or seeking a legal conclusion.  Subject thereto and without waiving the foregoing objections, Defendant Syngenta admits that it contracted with Defendants Mendoza to provide detasseling services during the 2013 season, but denies that it engaged in any unlawful conduct and/or that Plaintiffs are entitled to the relief that they seek.  Except as expressly admitted, Defendant Syngenta denies all remaining allegations in Paragraph 25 of the Complaint.

26.     Defendant Syngenta denies the allegations contained in Paragraph 26 of the Complaint.

27.     Defendant Syngenta lacks sufficient information to admit or deny the allegations contained in Paragraph 27 of the Complaint, and thus denies same.

28.     Defendant Syngenta lacks sufficient information to admit or deny the allegations contained in Paragraph 28 of the Complaint, and thus denies same.

29.     Defendant Syngenta objects to the terms "unskilled" and "rote" as vague and ambiguous and/or seeking a legal conclusion.  Subject thereto and without waiving the foregoing objections, to the extent understood, Defendant Syngenta admits that "corn detasseling work" is "unskilled, rote work," but denies that it engaged in any unlawful conduct and/or that Plaintiffs are entitled to the relief that they seek.  Except as expressly admitted, Defendant Syngenta denies all remaining allegations in Paragraph 29 of the Complaint.

30.     Defendant Syngenta objects to the terms "integral," "precise," and "detailed" as vague and ambiguous.  Subject thereto and without waiving the foregoing objections, Defendant

Syngenta admits that it inspected the quality of the detasseling work being done and that it would assign specific fields to Defendants Mendoza, but Defendant Syngenta denies that it would directly dictate the fields each migrant agricultural worker would detassel and denies that it would dictate "the number of detasseling passes" that these migrant agricultural workers must perform.  Defendant Syngenta further denies that it engaged in any unlawful conduct and/or that Plaintiffs are entitled to the relief that they seek.  Except as expressly admitted, Defendant Syngenta denies all remaining allegations in Paragraph 30 of the Complaint.

31.   Defendant Syngenta objects to the term "Defendants" as vague and ambiguous because it is unclear as to which Defendants Plaintiffs are referring to.  Subject thereto and without waiving the foregoing objections, Defendant Syngenta denies the allegations contained in Paragraph 31 of the Complaint.  To the extent that this Paragraph refers to Defendants Mendoza, Defendant Syngenta lacks sufficient information to admit or deny the allegations contained in Paragraph 31 of the Complaint, and thus denies same.

32.   Defendant Syngenta objects to the term "Defendants" as vague and ambiguous because it is unclear which Defendants Plaintiffs are referring to.  Subject thereto and without waiving the foregoing objections, Defendant Syngenta denies the allegations contained in Paragraph 32 of the Complaint.  To the extent that this Paragraph refers to Defendants Mendoza, Defendant Syngenta lacks sufficient information to admit or deny the allegations contained in Paragraph 32 of the Complaint, and thus denies same.

33.   Defendant Syngenta objects to the term "Defendants" as vague and ambiguous because it is unclear which Defendants Plaintiffs are referring to.  Subject thereto and without waiving the foregoing objections, Defendant Syngenta denies the allegations contained in

Paragraph 33 of the Complaint.   With respect to the allegations asserted against Defendants Mendoza, Defendant Syngenta lacks sufficient information to admit or deny the allegations contained in Paragraph 33 of the Complaint, and thus denies same.

34.   Defendant Syngenta lacks sufficient information to admit or deny the allegations contained in Paragraph 34(a)-(i) of the Complaint, and thus denies same.

35.   Defendant Syngenta objects to the term "Defendants" as vague and ambiguous because it is unclear which Defendants Plaintiffs are referring to.   Subject thereto and without waiving the foregoing objections, Defendant Syngenta denies the allegations contained in Paragraph 35 of the Complaint.   To the extent that this Paragraph refers to Defendants Mendoza, Defendant Syngenta lacks sufficient information to admit or deny the allegations contained in Paragraph 35 of the Complaint, and thus denies same.

36.   Defendant Syngenta objects to the term "Defendants" as vague and ambiguous because it is unclear which Defendants Plaintiffs are referring to.   Subject thereto and without waiving the foregoing objections, Defendant Syngenta denies the allegations contained in Paragraph 36 of the Complaint.   To the extent that this Paragraph refers to Defendants Mendoza, Defendant Syngenta lacks sufficient information to admit or deny the allegations contained in Paragraph 36 of the Complaint, and thus denies same.

37.   Defendant Syngenta objects to the term "Defendants" as vague and ambiguous because it is unclear which Defendants Plaintiffs are referring to.   Subject thereto and without waiving the foregoing objections, Defendant Syngenta denies the allegations contained in Paragraph 37 of the Complaint.   To the extent that this Paragraph refers to Defendants Mendoza, Defendant Syngenta lacks sufficient information to admit or deny the allegations contained in Paragraph 37 of the Complaint, and thus denies same.

38.     Defendant Syngenta objects to the term "Defendants" as vague and ambiguous because it is unclear which Defendants Plaintiffs are referring to.  Defendant Syngenta further objects to the terms "reasonable" and "detrimental" as vague and ambiguous and/or seeking a legal conclusion.  Subject thereto and without waiving the foregoing objections, Defendant Syngenta denies the allegations contained in Paragraph 38 of the Complaint.  To the extent that this Paragraph refers to Defendants Mendoza, Defendant Syngenta lacks sufficient information to admit or deny the allegations contained in Paragraph 38 of the Complaint, and thus denies same.

39.     Defendant Syngenta objects to the term "Defendants" as vague and ambiguous because it is unclear which Defendants Plaintiffs are referring to.  Defendant Syngenta further objects to the term "material" as vague and ambiguous and/or seeking a legal conclusion.  Subject thereto and without waiving the foregoing objections, Defendant Syngenta denies the allegations contained in Paragraph 39 of the Complaint.  To the extent that this Paragraph refers to Defendants Mendoza, Defendant Syngenta lacks sufficient information to admit or deny the allegations contained in Paragraph 39 of the Complaint, and thus denies same.

40.     Defendant Syngenta objects to the term "Defendants" as vague and ambiguous because it is unclear which Defendants Plaintiffs are referring to.  Defendant Syngenta further objects to the phrase "working arrangement" as vague and ambiguous and/or seeking a legal conclusion.  Subject thereto and without waiving the foregoing objections, the allegations contained in Paragraph 40 of the Complaint contain legal conclusions to which no response is required, and thus are denied.

41.     Defendant Syngenta objects to the term "Defendants" as vague and ambiguous because it is unclear which Defendants Plaintiffs are referring to.   Defendant Syngenta further objects to the term "material" and phrase "working arrangement" as vague and ambiguous and/or seeking a legal conclusion.   Subject thereto and without waiving the foregoing objections, Defendant Syngenta denies that a "working arrangement" existed between the migrant worker Plaintiffs and Defendant Syngenta.   Defendant Syngenta further denies that it engaged in any unlawful conduct and/or that Plaintiffs are entitled to the relief that they seek.   Except as expressly admitted, Defendant Syngenta denies all remaining allegations in Paragraph 41 of the Complaint.

**B.**     **Travel to and Arrival in Iowa:**

42.     Defendant Syngenta objects to the term "Defendants" as vague and ambiguous because it is unclear which Defendants Plaintiffs are referring to.   Defendant Syngenta further objects to the phrase "working arrangement" as vague and ambiguous and/or seeking a legal conclusion.   Defendant Syngenta further objects to the allegations in Paragraph 42 because it assumes facts not in evidence.   Subject thereto and without waiving the foregoing objections, Defendant Syngenta denies the allegations contained in Paragraph 42 of the Complaint.   To the extent that this Paragraph refers to Defendants Mendoza, Defendant Syngenta lacks sufficient information to admit or deny the allegations contained in Paragraph 42 of the Complaint, and thus denies same.

43.     Defendant Syngenta lacks sufficient information to admit or deny the allegations contained in Paragraph 43 of the Complaint, and thus denies same.

44.     Defendant Syngenta lacks sufficient information to admit or deny the allegations contained in Paragraph 44 of the Complaint, and thus denies same.

45.     Defendant Syngenta lacks sufficient information to admit or deny the allegations contained in Paragraph 45 of the Complaint, and thus denies same.

**C.      <u>Housing in Iowa:</u>**

46.     Defendant Syngenta lacks sufficient information to admit or deny the allegations contained in Paragraph 46 of the Complaint, and thus denies same.

47.     Defendant Syngenta lacks sufficient information to admit or deny the allegations contained in Paragraph 47 of the Complaint, and thus denies same.

48.     Defendant Syngenta objects to the phrase "reasonable steps" as vague and ambiguous and/or seeking a legal conclusion.  Defendant Syngenta admits it did not contact the USDOL as it was not and did not plan to be involved with housing activities for Plaintiffs. Except as expressly admitted and subject thereto and without waiving the foregoing objections, Defendant Syngenta denies the allegations contained in Paragraph 48 of the Complaint.

49.     Defendant Syngenta denies the allegations contained in Paragraph 49 of the Complaint.

50.     Defendant Syngenta denies the allegations contained in Paragraph 50 of the Complaint.

51.     Defendant Syngenta objects to the term "Defendants" as vague and ambiguous because it is unclear which Defendants Plaintiffs are referring to.   Subject thereto and without waiving the foregoing objections, Defendant Syngenta denies the allegations contained in Paragraph 51(a)-(d) of the Complaint.   To the extent that this Paragraph refers to Defendants Mendoza, Defendant Syngenta lacks sufficient information to admit or deny the allegations contained in Paragraph 51(a)-(d) of the Complaint, and thus denies same.

52.     Defendant Syngenta objects to the term "Defendants" as vague and ambiguous because it is unclear which Defendants Plaintiffs are referring to.   Defendant Syngenta further objects to the phrases "same character" and "same or comparable terms or conditions" as

vague and ambiguous and/or seeking a legal conclusion.  Subject thereto and without waiving the foregoing objections, Defendant Syngenta denies the allegations contained in Paragraph 52 of the Complaint.  To the extent that this Paragraph refers to Defendants Mendoza, Defendant Syngenta lacks sufficient information to admit or deny the allegations contained in Paragraph 52 of the Complaint, and thus denies same.

53.   Defendant Syngenta objects to the term" Defendants" as vague and ambiguous because it is unclear which Defendants Plaintiffs are referring to.  Defendant Syngenta further objects to the phrases "same character" and "same or comparable terms or conditions" as vague and ambiguous and/or seeking a legal conclusion.  Subject thereto and without waiving the foregoing objections, Defendant Syngenta denies the allegations contained in Paragraph 53(a)-(h) of the Complaint.  To the extent that this Paragraph refers to Defendants Mendoza, Defendant Syngenta lacks sufficient information to admit or deny the allegations contained in Paragraph 53(a)-(h) of the Complaint, and thus denies same.

54.   Defendant Syngenta lacks sufficient information to admit or deny the allegations contained in Paragraph 54 of the Complaint, and thus denies same.

55.   Defendant Syngenta objects to the term "Defendants" as vague and ambiguous because it is unclear which Defendants Plaintiffs are referring to.  Defendant further objects that the allegations in Paragraph 55 assume facts not in evidence.  Subject thereto and without waiving the foregoing objections, Defendant Syngenta denies the allegations contained in Paragraph 55 of the Complaint.  To the extent that this Paragraph refers to Defendants Mendoza, Defendant Syngenta lacks sufficient information to admit or deny the allegations contained in Paragraph 55 of the Complaint, and thus denies same.

56.    Defendant Syngenta objects to the term "Defendants" as vague and ambiguous because it is unclear which Defendants Plaintiffs are referring to.  Defendant further objects that the allegations in Paragraph 56 assume facts not in evidence.  Subject thereto and without waiving the foregoing objections, Defendant Syngenta denies the allegations contained in Paragraph 56 of the Complaint.  To the extent that this Paragraph refers to Defendants Mendoza, Defendant Syngenta lacks sufficient information to admit or deny the allegations contained in Paragraph 56 of the Complaint, and thus denies same.

**D.    <u>Transportation</u>**

57.    Defendant Syngenta objects to the term "Defendants" as vague and ambiguous because it is unclear which Defendants Plaintiffs are referring to.  Subject thereto and without waiving the foregoing objections, Defendant Syngenta denies the allegations contained in Paragraph 57 of the Complaint.  To the extent that this Paragraph refers to Defendants Mendoza, Defendant Syngenta lacks sufficient information to admit or deny the allegations contained in Paragraph 57 of the Complaint, and thus denies same.

58.    Defendant Syngenta objects to this Paragraph as vague and ambiguous.  Subject thereto and without waiving the foregoing objections, Defendant Syngenta denies the allegations contained in Paragraph 58 of the Complaint.

59.    Defendant Syngenta denies the allegations contained in Paragraph 59 of the Complaint.

60.    Defendant Syngenta objects to the term "Defendants" as vague and ambiguous because it is unclear which Defendants Plaintiffs are referring to.  Defendant Syngenta admits that it selected the work sites assigned to Defendants Mendoza, but denies that it selected the work sites for the migrant worker Plaintiffs or any workers.  Defendant Syngenta further denies that it engaged in any unlawful conduct and/or that Plaintiffs are entitled to the

relief that they seek.   Except as expressly admitted, Defendant Syngenta denies the remaining allegations in Paragraph 60 of the Complaint.

61.     Defendant Syngenta lacks sufficient information to admit or deny the allegations contained in Paragraph 61 of the Complaint, and thus denies same.

62.     Defendant Syngenta objects to the phrase "reasonable steps" as vague and ambiguous and/or seeking a legal conclusion.   Defendant Syngenta admits it did not contact the USDOL as it was not and did not plan to be involved with transportation activities for Plaintiffs. Except as expressly admitted and subject thereto and without waiving the foregoing objections, Defendant Syngenta denies the allegations contained in Paragraph 62 of the Complaint.

63.     Defendant Syngenta objects to the term "Defendants" as vague and ambiguous because it is unclear which Defendants Plaintiffs are referring to.   Subject thereto and without waiving the foregoing objections, Defendant Syngenta denies the allegations contained in Paragraph 63 of the Complaint.   To the extent that this Paragraph refers to Defendants Mendoza, Defendant Syngenta lacks sufficient information to admit or deny the allegations contained in Paragraph 63 of the Complaint, and thus denies same.

64.     Defendant Syngenta objects to the term "Defendants" as vague and ambiguous because it is unclear which Defendants are referring to.   Subject thereto and without waiving the foregoing objections, Defendant Syngenta denies the allegations contained in Paragraph 64 of the Complaint.   To the extent that this Paragraph refers to Defendants Mendoza, Defendant Syngenta lacks sufficient information to admit or deny the allegations contained in Paragraph 64 of the Complaint, and thus denies same.

65.    Defendant Syngenta objects to the term "Defendants" as vague and ambiguous because it is unclear which Defendants Plaintiffs are referring to.  Subject thereto and without waiving the foregoing objections, Defendant Syngenta denies the allegations contained in Paragraph 65 of the Complaint.  To the extent that this Paragraph refers to Defendants Mendoza, Defendant Syngenta lacks sufficient information to admit or deny the allegations contained in Paragraph 65 of the Complaint, and thus denies same.

**E.**    <u>**Working Arrangement and Pay:**</u>

66.    Defendant Syngenta objects to the term "Defendants" as vague and ambiguous because it is unclear which Defendants Plaintiffs are referring to.  Defendant Syngenta objects to the phrase "related activities" as vague and ambiguous and/or seeking a legal conclusion. Subject thereto and without waiving the foregoing objections, Defendant Syngenta lacks sufficient information to admit or deny the allegations contained in Paragraph 66 of the Complaint, and thus denies same.

67.    Defendant Syngenta objects to the term "Defendants" as vague and ambiguous because it is unclear which Defendants Plaintiffs are referring to.  Defendant Syngenta further objects that the allegations in Paragraph 67 assume facts not in evidence.  Subject thereto and without waiving the foregoing objections, Defendant Syngenta denies the allegations contained in Paragraph 67 of the Complaint.  To the extent that this Paragraph refers to Defendants Mendoza, Defendant Syngenta lacks sufficient information to admit or deny the allegations contained in Paragraph 67 of the Complaint, and thus denies same.

68.    Defendant Syngenta objects to the term "Defendants" as vague and ambiguous because it is unclear which Defendants Plaintiffs are referring to.  Defendant Syngenta further objects that the allegations in Paragraph 68 assume facts not in evidence.  Subject thereto and without waiving the foregoing objections, Defendant Syngenta denies the allegations

contained in Paragraph 68 of the Complaint.  To the extent that this Paragraph refers to Defendants Mendoza, Defendant Syngenta lacks sufficient information to admit or deny the allegations contained in Paragraph 68 of the Complaint, and thus denies same.

69.    Defendant Syngenta objects to the term "Defendants" as vague and ambiguous because it is unclear which Defendants Plaintiffs are referring to.  Defendant Syngenta further objects that the allegations in Paragraph 69 assume facts not in evidence.  Subject thereto and without waiving the foregoing objections, Defendant Syngenta denies the allegations contained in Paragraph 69 of the Complaint.  To the extent that this Paragraph refers to Defendants Mendoza, Defendant Syngenta lacks sufficient information to admit or deny the allegations contained in Paragraph 69 of the Complaint, and thus denies same.

70.    Defendant Syngenta objects to the term "Defendants" as vague and ambiguous because it is unclear which Defendants Plaintiffs are referring to.  Defendant Syngenta further objects that the allegations in Paragraph 70 assume facts not in evidence.  Subject thereto and without waiving the foregoing objections, Defendant Syngenta denies the allegations contained in Paragraph 70(a)-(c) of the Complaint.  To the extent that this Paragraph refers to Defendants Mendoza, Defendant Syngenta lacks sufficient information to admit or deny the allegations contained in Paragraph 70(a)-(c) of the Complaint, and thus denies same.

71.    Defendant Syngenta objects to the term "Defendants" as vague and ambiguous because it is unclear which Defendants Plaintiffs are referring to.  Defendant Syngenta further objects that the allegations in Paragraph 71 assume facts not in evidence.  Subject thereto and without waiving the foregoing objections, Defendant Syngenta denies the allegations contained in Paragraph 71 of the Complaint.  To the extent that this Paragraph refers to

Defendants Mendoza, Defendant Syngenta lacks sufficient information to admit or deny the allegations contained in Paragraph 71 of the Complaint, and thus denies same.

72.     Defendant Syngenta objects to the term "Defendants" as vague and ambiguous because it is unclear which Defendants Plaintiffs are referring to.  Subject thereto and without waiving the foregoing objections, Defendant Syngenta denies the allegations contained in Paragraph 72 of the Complaint.  To the extent that this Paragraph refers to Defendants Mendoza, Defendant Syngenta lacks sufficient information to admit or deny the allegations contained in Paragraph 72 of the Complaint, and thus denies same.

73.     Defendant Syngenta objects to the term "Defendants" as vague and ambiguous because it is unclear which Defendants Plaintiffs are referring to.  Defendant Syngenta further objects that the allegations in Paragraph 73 assume facts not in evidence.  Subject thereto and without waiving the foregoing objections, Defendant Syngenta denies the allegations contained in Paragraph 73 of the Complaint.  To the extent that this Paragraph refers to Defendants Mendoza, Defendant Syngenta lacks sufficient information to admit or deny the allegations contained in Paragraph 73 of the Complaint, and thus denies same.

74.     Defendant Syngenta objects to the term "Defendants" as vague and ambiguous because it is unclear which Defendants Plaintiffs are referring to.  Defendant Syngenta further objects to the phrase "piecework units" as vague and ambiguous and/or seeking a legal conclusion.  Defendant Syngenta further objects that the allegations in Paragraph 74 assume facts not in evidence.  Subject thereto and without waiving the foregoing objections, Defendant Syngenta denies the allegations contained in Paragraph 74 of the Complaint.  To the extent that this Paragraph refers to Defendants Mendoza, Defendant

Syngenta lacks sufficient information to admit or deny the allegations contained in Paragraph 74 of the Complaint, and thus denies same.

75.   Defendant Syngenta objects to the term "Defendants" as vague and ambiguous because it is unclear which Defendants Plaintiffs are referring to.   Defendant Syngenta further objects to the phrase "piecework units" as vague and ambiguous and/or seeking a legal conclusion.   Subject thereto and without waiving the foregoing objections, Defendant Syngenta denies the allegations contained in Paragraph 75 of the Complaint.   To the extent that this Paragraph refers to Defendants Mendoza, Defendant Syngenta lacks sufficient information to admit or deny the allegations contained in Paragraph 75 of the Complaint, and thus denies same.

76.   Defendant Syngenta objects to the term "Defendants" as vague and ambiguous because it is unclear which Defendants Plaintiffs are referring to.   Defendant Syngenta further objects that the allegations in Paragraph 76 assume facts not in evidence.   Subject thereto and without waiving the foregoing objections, Defendant Syngenta denies the allegations contained in Paragraph 76 of the Complaint.   To the extent that this Paragraph refers to Defendants Mendoza, Defendant Syngenta lacks sufficient information to admit or deny the allegations contained in Paragraph 76 of the Complaint, and thus denies same.

77.   Defendant Syngenta objects to the term "Defendants" as vague and ambiguous because it is unclear which Defendants Plaintiffs are referring to in this Paragraph.   Subject thereto and without waiving the foregoing objections, Defendant Syngenta denies the allegations contained in Paragraph 77 of the Complaint.   To the extent that this Paragraph refers to Defendants Mendoza, Defendant Syngenta lacks sufficient information to admit or deny the allegations contained in Paragraph 77 of the Complaint, and thus denies same.

78.   Defendant Syngenta objects to the term "Defendants" as vague and ambiguous because it is unclear which Defendants Plaintiffs are referring to.   Subject thereto and without waiving the foregoing objections, Defendant Syngenta denies the allegations contained in Paragraph 78 of the Complaint.   To the extent that this Paragraph refers to Defendants Mendoza, Defendant Syngenta lacks sufficient information to admit or deny the allegations contained in Paragraph 78 of the Complaint, and thus denies same.

79.   Defendant Syngenta objects to the term "Defendants" as vague and ambiguous because it is unclear which Defendants Plaintiffs are referring to.   Defendant Syngenta further objects that the allegations in Paragraph 79 assume facts not in evidence.   Subject thereto and without waiving the foregoing objections, Defendant Syngenta denies the allegations contained in Paragraph 79 of the Complaint.   To the extent that this Paragraph refers to Defendants Mendoza, Defendant Syngenta lacks sufficient information to admit or deny the allegations contained in Paragraph 79 of the Complaint, and thus denies same.

80.   Defendant Syngenta objects to the term "Defendants" as vague and ambiguous because it is unclear which Defendants Plaintiffs are referring to. Defendant Syngenta further objects to the term "conspicuous" as vague and ambiguous and/or seeking a legal conclusion.   Subject thereto and without waiving the foregoing objections, Defendant Syngenta denies the allegations contained in Paragraph 80 of the Complaint.

81.   Defendant Syngenta objects to the term "Defendants" as vague and ambiguous because it is unclear which Defendants Plaintiffs are referring to.   Defendant Syngenta further objects to the term "conspicuous" as vague and ambiguous and/or seeking a legal conclusion.   Subject thereto and without waiving the foregoing objections, Defendant Syngenta denies the allegations contained in Paragraph 81 of the Complaint.

F.   **Field Conditions:**

82.   Defendant Syngenta objects to the term "Defendants" as vague and ambiguous because it is unclear which Defendants Plaintiffs are referring to.   Subject thereto and without waiving the foregoing objections, Defendant Syngenta denies the allegations contained in Paragraph 82 of the Complaint.   To the extent that this Paragraph refers to Defendants Mendoza, Defendant Syngenta lacks sufficient information to admit or deny the allegations contained in Paragraph 82 of the Complaint, and thus denies same.

83.   Defendant Syngenta objects to the term "Defendants" as vague and ambiguous because it is unclear which Defendants Plaintiffs are referring.   Defendant Syngenta further objects to the phrase "cool temperatures" as vague and ambiguous.   Subject thereto and without waiving the foregoing objections, Defendant Syngenta denies the allegations contained in Paragraph 83 of the Complaint.   To the extent that this Paragraph refers to Defendants Mendoza, Defendant Syngenta lacks sufficient information to admit or deny the allegations contained in Paragraph 83 of the Complaint, and thus denies same.

84.   Defendant Syngenta objects to the term "Defendants" as vague and ambiguous because it is unclear which Defendants Plaintiffs are referring to.   Subject thereto and without waiving the foregoing objections, Defendant Syngenta denies the allegations contained in Paragraph 84 of the Complaint.   To the extent that this Paragraph refers to Defendants Mendoza, Defendant Syngenta lacks sufficient information to admit or deny the allegations contained in Paragraph 84 of the Complaint, and thus denies same.

85.   Defendant Syngenta objects to the term "Defendants" as vague and ambiguous because it is unclear which Defendants Plaintiffs are referring to.   Subject thereto and without waiving the foregoing objections, Defendant Syngenta denies the allegations contained in Paragraph 85 of the Complaint.   To the extent that this Paragraph refers to Defendants

Mendoza, Defendant Syngenta lacks sufficient information to admit or deny the allegations contained in Paragraph 85 of the Complaint, and thus denies same.

86.     Defendant Syngenta objects to the term "Defendants" as vague and ambiguous because it is unclear which Defendants Plaintiffs are referring to.  Subject thereto and without waiving the foregoing objections, Defendant Syngenta admits the allegations contained in Paragraph 86 of the Complaint.

87.     Defendant Syngenta objects to the term "Defendants" as vague and ambiguous because it is unclear which Defendants Plaintiffs are referring to.  Subject thereto and without waiving the foregoing objections, Defendant Syngenta denies the allegations contained in Paragraph 87 of the Complaint.

88.     Defendant Syngenta objects to the term "Defendants" as vague and ambiguous because it is unclear which Defendants Plaintiffs are referring to.  Subject thereto and without waiving the foregoing objections, Defendant Syngenta denies the allegations contained in Paragraph 88 of the Complaint.  To the extent that this Paragraph refers to Defendants Mendoza, Defendant Syngenta lacks sufficient information to admit or deny the allegations contained in Paragraph 88 of the Complaint, and thus denies same.

89.     Defendant Syngenta objects to the term "Defendants" as vague and ambiguous because it is unclear which Defendants Plaintiffs are referring to.  Subject thereto and without waiving the foregoing objections, Defendant Syngenta denies the allegations contained in Paragraph 89 of the Complaint.  To the extent that this Paragraph refers to Defendants Mendoza, Defendant Syngenta lacks sufficient information to admit or deny the allegations contained in Paragraph 89 of the Complaint, and thus denies same.

90. Defendant Syngenta objects to the term "Defendants" as vague and ambiguous because it is unclear which Defendants Plaintiffs are referring to.   Subject thereto and without waiving the foregoing objections, Defendant Syngenta denies the allegations contained in Paragraph 90 of the Complaint.   To the extent that this Paragraph refers to Defendants Mendoza, Defendant Syngenta lacks sufficient information to admit or deny the allegations contained in Paragraph 90 of the Complaint, and thus denies same.

91. Defendant Syngenta objects to the term "Defendants" as vague and ambiguous because it is unclear which Defendants Plaintiffs are referring to.   Subject thereto and without waiving the foregoing objections, Defendant Syngenta denies the allegations contained in Paragraph 91 of the Complaint.   To the extent that this Paragraph refers to Defendants Mendoza, Defendant Syngenta lacks sufficient information to admit or deny the allegations contained in Paragraph 91 of the Complaint, and thus denies same.

92. Defendant Syngenta objects to the term "Defendants" as vague and ambiguous because it is unclear which Defendants Plaintiffs are referring to.   Subject thereto and without waiving the foregoing objections, Defendant Syngenta denies the allegations contained in Paragraph 92 of the Complaint.

93. Defendant Syngenta objects to the term "Defendants" as vague and ambiguous because it is unclear which Defendants Plaintiffs are referring to.   Subject thereto and without waiving the foregoing objections, Defendant Syngenta denies the allegations contained in Paragraph 93 of the Complaint.   To the extent that this Paragraph refers to Defendants Mendoza, Defendant Syngenta lacks sufficient information to admit or deny the allegations contained in Paragraph 93 of the Complaint, and thus denies same.

94.    Defendant Syngenta objects to the term "some" as vague and ambiguous.  Subject thereto and without waiving the foregoing objections, Defendant Syngenta denies the allegations contained in Paragraph 94 of the Complaint.

95.    Defendant Syngenta objects to this Paragraph as vague and ambiguous.  Subject thereto and without waiving the foregoing objections, to the extent understood, Defendant Syngenta denies the allegations contained in Paragraph 95 of the Complaint.

96.    Defendant Syngenta objects to the term "Defendants" as vague and ambiguous because it is unclear which Defendants Plaintiffs are referring to in this Paragraph.  Subject thereto and without waiving the foregoing objections, Defendant Syngenta denies the allegations contained in Paragraph 96 of the Complaint.  To the extent that this Paragraph refers to Defendants Mendoza, Defendant Syngenta lacks sufficient information to admit or deny the allegations contained in Paragraph 96 of the Complaint, and thus denies same.

97.    Defendant Syngenta objects to the term "Defendants" as vague and ambiguous because it is unclear which Defendants are referring to in this Paragraph.  Subject thereto and without waiving the foregoing objections, Defendant Syngenta denies the allegations contained in Paragraph 97 of the Complaint.

98.    Defendant Syngenta objects to the term "promptly" as vague and ambiguous.  Subject thereto and without waiving the foregoing objections, Defendant Syngenta admits that Plaintiffs' counsel sent a letter dated June 23, 2015 describing Plaintiffs' alleged damages and discussing resolving the dispute out-of-court.  Defendant Syngenta further admits that in this letter, Plaintiffs' counsel threatened to file suit "before next week's end." Defendant Syngenta also admits that by the time Plaintiffs filed their Original Complaint, it had not responded to Plaintiffs' letter.  Defendant Syngenta, however, denies that it

engaged in any unlawful conduct and/or that Plaintiffs are entitled to the relief that they seek.  Except as expressly admitted, Defendant Syngenta denies the remaining allegations in Paragraph 98 of the Complaint.

## IV.  PLAINTIFFS' CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**(Violation of the Migrant and Seasonal Agricultural Worker Protection Act
29 U.S.C. §§ 1800 *et seq.*)**

99.     Defendant Syngenta admits that Plaintiff incorporates Paragraphs 1-98 but denies that it engaged in any unlawful conduct and/or that Plaintiffs are entitled to the relief that they seek.

100.    The allegations contained in Paragraph 100 of the Complaint contain legal conclusions to which no response is required, and thus are denied.

101.    The allegations contained in Paragraph 101 of the Complaint contain legal conclusions to which no response is required, and thus are denied.

102.    The allegations contained in Paragraph 102 of the Complaint contain legal conclusions to which no response is required, and thus are denied.

103.    The allegations contained in Paragraph 103 of the Complaint contain legal conclusions to which no response is required, and thus are denied.

104.    The allegations contained in Paragraph 104 of the Complaint contain legal conclusions to which no response is required, and thus are denied.

105.    The allegations contained in Paragraph 105 of the Complaint contain legal conclusions to which no response is required, and thus are denied.

106.    The allegations in Paragraph 106(a)-(j) contain a legal conclusion as to Defendant Syngenta's relationship with respect to the Plaintiffs, and as such, no response is required.

Subject thereto and without waiving the foregoing objections, to the extent any factual allegations exist in Paragraph 106(a)-(j), Defendant Syngenta denies all such allegations.

107.   The allegations in Paragraph 107(a)-(c) contain a legal conclusion as to Defendant Syngenta's relationship with respect to the Plaintiffs, and as such, no response is required. Subject thereto and without waiving the foregoing objections, to the extent any factual allegations exist in Paragraph 107(a)-(c), Defendant Syngenta denies all such allegations.

108.   Defendant Syngenta lacks sufficient information to admit or deny the allegations contained in Paragraph 108 of the Complaint, and thus denies same.

   a.   Defendant Syngenta lacks sufficient information to admit or deny the allegations contained in Paragraph 108(a) of the Complaint, and thus denies same.

   b.   Defendant Syngenta lacks sufficient information to admit or deny the allegations contained in Paragraph 108(b) of the Complaint, and thus denies same.

   c.   Defendant Syngenta lacks sufficient information to admit or deny the allegations contained in Paragraph 108(c) of the Complaint, and thus denies same.

   d.   Defendant Syngenta lacks sufficient information to admit or deny the allegations contained in Paragraph 108(d) of the Complaint, and thus denies same.

109.   Defendant Syngenta lacks sufficient information to admit or deny the allegations contained in Paragraph 109 of the Complaint, and thus denies same.

   a.   Defendant Syngenta lacks sufficient information to admit or deny the allegations contained in Paragraph 109(a) of the Complaint, and thus denies same.

   b.   Defendant Syngenta lacks sufficient information to admit or deny the allegations contained in Paragraph 109(b) of the Complaint, and thus denies same.

c.    Defendant Syngenta lacks sufficient information to admit or deny the allegations contained in Paragraph 109(C) of the Complaint, and thus denies same.

110.    Defendant Syngenta objects to the phrase "reasonable steps" as vague and ambiguous and/or seeking a legal conclusion.  Subject thereto and without waiving the foregoing objections, Defendant Syngenta denies the allegations contained in Paragraph 110 of the Complaint.

111.    Defendant Syngenta denies the allegations contained in Paragraph 111 of the Complaint.

<u>SECOND CAUSE OF ACTION</u>
**(Violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*)**

112.    Defendant Syngenta admits that Plaintiffs incorporate Paragraphs 1-111 and incorporates its responses to Paragraphs 1-111 of Plaintiffs' Complaint.  Defendant Syngenta again denies that it engaged in any unlawful conduct and/or that Plaintiffs are entitled to the relief that they seek.

113.    The allegations contained in Paragraph 113 of the Complaint contain legal conclusions to which no response is required, and thus are denied.

114.    The allegations contained in Paragraph 114 of the Complaint contain legal conclusions to which no response is required, and thus are denied.

115.    The allegations contained in Paragraph 115 of the Complaint contain legal conclusions to which no response is required, and thus are denied.

116.    The allegations contained in Paragraph 116 of the Complaint contain legal conclusions to which no response is required, and thus are denied.

117.    The allegations contained in Paragraph 117 of the Complaint contain legal conclusions to which no response is required, and thus are denied.

118.    Defendant Syngenta admits the allegations contained in Paragraph 118 of the Complaint, but denies that it engaged in any unlawful conduct and/or that Plaintiffs are entitled to any relief that they seek.

119.    Defendant Syngenta objects to the term "Defendants" as vague and ambiguous because it is unclear which Defendants Plaintiffs are referring to in this Paragraph.  Furthermore, the allegations in Paragraph 119 contain a legal conclusion as to Defendant Syngenta's relationship with respect to the Plaintiffs, and as such, no response is required.  Subject thereto and without waiving the foregoing objections, to the extent any factual allegations exist in Paragraph 119, Defendant Syngenta denies all such allegations.

120.    Defendant Syngenta objects to the term "Defendants" as vague and ambiguous because it is unclear which Defendants Plaintiffs are referring to in this Paragraph.  Furthermore, the allegations in Paragraph 120 contain a legal conclusion as to Defendant Syngenta's relationship with respect to the Plaintiffs, and as such, no response is required.  Subject thereto and without waiving the foregoing objections, to the extent any factual allegations exist in Paragraph 120, Defendant Syngenta denies all such allegations.

## THIRD CAUSE OF ACTION
### (Breach of Contract)

121.    Defendant Syngenta admits that Plaintiff incorporates Paragraphs 1-120 and incorporates its responses to Paragraphs 1-120 of Plaintiffs' Complaint.  Further Defendant Syngenta again denies that it engaged in any unlawful conduct and/or that Plaintiffs are entitled to the relief that they seek.

122.    Defendant Syngenta denies the allegations contained in Paragraph 122 of the Complaint.

123.    Defendant Syngenta denies the allegations contained in Paragraph 123 of the Complaint.

124.    Defendant Syngenta objects to the term "Defendants" as vague and ambiguous because it is unclear which Defendants Plaintiffs are referring to in this Paragraph.  Subject thereto and without waiving the foregoing objections, Defendant Syngenta denies the allegations contained in Paragraph 124 of the Complaint.

125.    Defendant Syngenta objects to the term "Defendants" as vague and ambiguous because it is unclear which Defendants Plaintiffs are referring to in this Paragraph.  Subject thereto and without waiving the foregoing objections, Defendant Syngenta lacks sufficient information to admit or deny the allegations contained in Paragraph 125 of the Complaint, and thus denies same.

126.    Defendant Syngenta objects to the term "Defendants" as vague and ambiguous because it is unclear which Defendants Plaintiffs are referring to in this Paragraph.  Subject thereto and without waiving the foregoing objections, Defendant Syngenta admits that it contracted with Cristobal Mendoza Sr. and Cristobal Mendoza Jr. to provide detasseling services in Iowa during the corn detasseling season, but denies that it engaged in any unlawful conduct and/or that Plaintiffs are entitled to the relief that they seek.  Except as expressly admitted, Defendant Syngenta denies the remaining allegations in Paragraph 126 of the Complaint.

127.    Defendant Syngenta objects to the term "Defendants" as vague and ambiguous because it is unclear which Defendants Plaintiffs are referring to in Paragraph 127(a)-(d).  Furthermore, the allegations in Paragraph 127(a)-(d) contain a legal conclusion as to Defendant Syngenta's relationship with respect to the Plaintiffs, and as such, no response is required.  Subject thereto and without waiving the foregoing objections, to the extent

any factual allegations exist in Paragraph 127(a)-(d), Defendant Syngenta denies all such allegations.

128.    Defendant Syngenta objects to the term "Defendants" as vague and ambiguous because it is unclear which Defendants Plaintiffs are referring to in this Paragraph.  Furthermore, the allegations in Paragraph 128 contain a legal conclusion as to Defendant Syngenta's relationship with respect to the Plaintiffs, and as such, no response is required.  Subject thereto and without waiving the foregoing objections, to the extent any factual allegations exist in Paragraph 128, Defendant Syngenta denies all such allegations.

129.    Defendant Syngenta objects to the term "Defendants" as vague and ambiguous because it is unclear which Defendants Plaintiffs are referring to in this Paragraph.  Furthermore, the allegations in Paragraph 129 contain a legal conclusion as to Defendant Syngenta's relationship with respect to the Plaintiffs, and as such, no response is required.  Subject thereto and without waiving the foregoing objections, to the extent any factual allegations exist in Paragraph 129, Defendant Syngenta denies all such allegations.

## V.   **PRAYER FOR RELIEF**

With respect to Plaintiffs' Prayer, Defendant Syngenta states that this is a prayer for relief for which no response is required.  Notwithstanding, Defendant Syngenta denies that Plaintiffs are entitled to the relief for which they seek recovery in Paragraphs (a)-(f) of their Prayer. Defendant Syngenta further denies that it engaged in any unlawful conduct and/or that Plaintiffs are entitled to the relief that they seek.

## VI.  **AFFIRMATIVE AND OTHER DEFENSES**

Defendant Syngenta pleads the following affirmative and other defenses, but does not assume the burden of proof except to the extent required on pure affirmative defenses:

1. Defendant Syngenta pleads that Plaintiffs failed to state facts sufficient to constitute a cause of action upon which relief can be granted.

2. To the extent applicable, Defendant Syngenta pleads that Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations and/or procedural prerequisites. Furthermore, any claims under the FLSA against Defendant Syngenta are subject to the two-year statute of limitations.

3. Defendant Syngenta pleads that all or a portion of the Plaintiffs lack standing to bring this action.

4. Defendant Syngenta pleads it is not an "employer" as defined by the FLSA, 29 U.S.C. § 203 with respect to Plaintiffs.

5. Defendant Syngenta pleads it is not vicariously liable for any act or omission of any other person, including Defendants Mendoza, by way of *respondeat superior* or otherwise.

6. Defendant Syngenta pleads it is not vicariously liable for any act or omission of any other person, including Defendants Mendoza, by way of agency or otherwise.

7. Defendant Syngenta pleads that no contractual relationship existed between Defendant Syngenta and Plaintiffs.

8. Defendant Syngenta pleads that the Complaint is barred in whole or in part, because if any contract existed between Plaintiffs and Defendant Syngenta, which Defendant Syngenta denies, Plaintiffs' purported claims are barred due to lack of or failure of consideration.

9. Plaintiffs' claims are barred to the extent Plaintiff failed, refused, and/or neglected to mitigate or avoid the damages complained of in the Complaint, and Defendant Syngenta is entitled to an offset to the extent of any mitigation by Plaintiffs.

10. Defendant Syngenta did not employ Plaintiffs, but if Defendant Syngenta should be found to be an employer, Plaintiffs' claims are barred because Defendant Syngenta acted in a reasonable and good faith belief that it complied with its obligations, if any, under the FLSA, the AWPA, and all other applicable state and federal laws and regulations, as to Plaintiffs.

11. Defendant Syngenta did not employ Plaintiffs, but if Defendant Syngenta should be found to be an employer, Defendant Syngenta pleads that any alleged violation was an act or omission made in good faith and Defendant Syngenta had reasonable grounds for believing that it complied with applicable laws and that any such act or omission was not a violation of any law such that Plaintiffs are entitled to any damages.

12. Defendant Syngenta did not employ Plaintiffs, but if Defendant Syngenta should be found to be an employer, Defendant Syngenta pleads that it did not act in an intentional, willful, or unreasonable manner towards Plaintiffs on any matter at issue in this case.

13. Plaintiffs' claims are barred, in whole or in part, by the doctrine of *de minimis non curat lex*.

14. Plaintiffs' claims are barred by 29 U.S.C. § 254 because the alleged work consisted of preliminary or postliminary tasks.

15. Defendant Syngenta did not employ Plaintiffs, but if Defendant Syngenta should be found to be an employer, Plaintiffs have been paid and/or received all wages due to them.  All or portions of the claims set forth in the Complaint are barred because Plaintiffs consented to, encouraged, or voluntarily participated in all actions taken, if any.

16. Plaintiffs' claims are barred because the duties they performed fall within one or more of the exemptions, exclusions or exceptions provided for under the FLSA, including but not limited to, the exemptions set forth in Sections 7 and 13(a)(1) of the FLSA.

17. Plaintiffs' claims under the AWPA are barred pursuant to the exceptions and exemptions set forth in 29 U.S.C. § 1803.

18. Defendant Syngenta did not employ Plaintiffs, but if Defendant Syngenta should be found to be an employer, the extent that any wages are due to Plaintiffs, which Defendant Syngenta denies, a bona fide dispute exists as to the amount of wages due.

19. Defendant Syngenta alleges that Plaintiffs state law claims are preempted by the exclusive remedy of the FLSA, the Portal-to-Portal Pay Act, and the AWPA.

20. Defendant Syngenta pleads that any damages sustained by Plaintiffs were caused or contributed to by Plaintiffs' own actions or the actions of others whom Defendant Syngenta had no control.

21. Defendant Syngenta pleads that Plaintiffs' breach of contract claims are barred by the statute of frauds.

22. Defendant Syngenta alleges that Plaintiffs fail to state facts sufficient to constitute a claim for which attorneys' fees and costs may be awarded.

23. Defendant Syngenta alleges that the Complaint fails to properly state a claim upon which prejudgment interest may be awarded, as the damages claimed are not sufficiently certain to allow an award of prejudgment interest.

24. To the extent applicable, Plaintiffs' claims are barred by the equitable doctrines of waiver, estoppel, unclean hands, and/or laches.

25. Defendant alleges that the entire Complaint, and each cause of action set forth therein, is barred in whole or in part by the after acquired evidence doctrine.

\* \* \*

Defendant Syngenta reserves the right to file and serve additional defenses as appropriate.

## VII.  PRAYER FOR RELIEF

Therefore, Defendant Syngenta Seeds, Inc. respectfully requests that the Court ultimately dismiss this action with prejudice, order that Plaintiffs take nothing, enter judgment in favor of Defendant Syngenta, award Defendant Syngenta costs and reasonable attorneys' fees, and grant Defendant Syngenta all other relief to which it is entitled.

Dated: January 6, 2016                              Respectfully submitted,


                                                    /s/ Linda Ottinger Headley
                                                    Linda Ottinger Headley (Attorney-in-Charge)
                                                    Federal ID No. 3759
OF COUNSEL:                                         State Bar No. 15344600
                                                    lheadley@littler.com
Janeen L. Feinberg                                  LITTLER MENDELSON, P.C.
Federal ID No. pending                              1301 McKinney, Suite 1900
State Bar No. 24098695                              Houston, Texas 77010
jfeinberg@littler.com                               Telephone: 713/951-9400
LITTLER MENDELSON, P.C.                              Facsimile: 713/951-9212
1301 McKinney, Suite 1900
Houston, Texas 77010
Telephone: 713/951-9400
Facsimile: 713/951-9212

Ruben R. Peña
State Bar No. 15740900
riolaw1@aol.com
LAW OFFICES OF RUBEN R. PEÑA                         **ATTORNEYS FOR DEFENDANT**
2900 Central Boulevard, Suite B                      **SYNGENTA SEED INC.**
Brownsville, Texas 78520
Telephone: 956/546-5775
Facsimile: 956/546-5778

## CERTIFICATE OF SERVICE

I hereby certify that on January 6, 2016, a true and correct copy of this pleading was delivered via CM/ECF to the following:

Lisa Y. Guerra
Texas RioGrande
Legal Aid, Inc.
300 South Texas Blvd
Weslaco, Texas 78596

Marinda van Dalen
Texas RioGrande Legal Aid, Inc.
531 E. St. Francis Street
Brownsville, Texas 78520

Wallis Nader
Efren C. Olivares
The South Texas Civil Rights Project
1017 W. Hackberry Ave
Alamo, Texas 78516

Ricardo J. Navarro
Denton Navarro Rocha Bernal Hyde & Zech
701 E. Harrison, Suite 100
Harlingen, Texas  78550

*/s/ Linda Ottinger Headley*
Linda Ottinger Headley

Firmwide:137580101.2 041024.1039